**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 9 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL DENTON, | No. 23-2390 |
| Plaintiff - Appellant, | D.C. No. 3:19-cv-05743-BHS |
| v. | |
| KARIE RAINER, Director of Mental Health; TIMOTHY THRASHER; KEVIN BOWEN; MICHAEL OBENLAND; SEAN MURPHY; CHERYL STRANGE; DOES I-V; JACK WARNER, Superintendent; LISA ANDERSON, Associate Superintendent; RACHEL SYMONS, Mental Health Supervisor; STEVEN JEWITT, Psychiatric Provider; ERIC ROSMITH, Psychiatric Provider; CHRISTOPHER D ELLIOTT, Mental Health Primary Therapist; LINDSEY MCINTYIRE, Mental Health Primary Therapist at MCC; SCOTT RUSSELL, Prison Deputy Director for Washington DOC; STEVE EWING, Disciplinary Hearings Officer; DOUGLAS FRENCH, Supervisor at WCC; ASIN DESHEV, Custody Unit Manager; STEVE DEMARS, Chief Investigator at WCC; JASON MCCOLLUM; EVANS, Sgt; ANDERSON, Officer #7924; DONALD HOLBROOK; ROBERT HERZOG; PIERCE, Disciplinary Officer; RONALD | MEMORANDUM* |

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

HAYNES; STEVEN SUNDBERG; RYAN PFAFF; PAT GLEBE; ASHLEY ZUBER; STATE OF WASHINGTON; WASHINGTON DEPARTMENT OF CORRECTIONS,

Defendants - Appellees.

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Submitted June 5, 2025[**]
Seattle, Washington

Before: HAWKINS, GOULD, and BUMATAY, Circuit Judges.

Plaintiff Michael Denton appeals the district court's grant of Defendants' motion for summary judgment on Denton's Eighth and Fourteenth Amendment claims. We affirm.

We review a grant of summary judgment de novo. *Johnson v. Barr*, 79 F.4th 996, 1003 (9th Cir. 2023) (citing Fed. R. Civ. P. 56(c)).

1. "[A] prison official violates the Eighth Amendment only when two requirements are met." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the alleged deprivation must be "sufficiently serious," which in cases like this means "the inmate must show that he is incarcerated under conditions posing a substantial

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

risk of serious harm." *Id.* Second, "a prison official must have a sufficiently culpable state of mind," meaning "one of deliberate indifference to inmate health or safety." *Id.* (simplified).

As the district court concluded, Denton has failed to show Defendants acted with deliberate indifference to his health or safety. To satisfy the Eighth Amendment's subjective component, Denton must show Defendants "knew of an excessive risk to inmate health or safety that [they] deliberately ignored." *Grenning v. Miller-Stout*, 739 F.3d 1235, 1239 (9th Cir. 2014). If, however, Defendants show they "responded reasonably to the risk, even if the harm ultimately was not averted," their conduct does not violate the Eighth Amendment. *Farmer*, 511 U.S. at 844. Even "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Denton claims the Washington Department of Corrections ("DOC") officials were indifferent towards his mental illnesses, which were exacerbated by his confinement. But the record clearly indicates officials were attentive to Denton's mental illnesses, worked to treat them, and attempted to place Denton outside of isolated confinement. Defendants developed a treatment plan for Denton, treated Denton with therapy, provided Denton with medications, and regularly tracked and updated the status of his mental health. Though Denton contends officials never

assessed the effects of Denton's mental health in isolation, the record does not support this contention. According to the record, Denton's mental health was periodically reassessed, and mental health experts tracked the presentation of his symptoms. DOC then altered Denton's treatment plan in response to these developments, with the goal of improving his mental health and moving him into a less restrictive prison designation.

Denton also testified that he only received mental health services through his cell door and that staff never entered his cell to perform mental health assessments. But the record shows Denton was provided with services outside of his cell often, including in the cell block's day room and interview room. And anytime Denton was provided with mental health services inside his cell, it was only because he refused to meet with his doctors elsewhere.

The record thus shows Defendants worked to diagnose and treat Denton's diagnosed mental illnesses and worked to move Denton out of maximum custody. Based on this record, Denton failed to show that prison officials were "deliberately indifferent" to his health or safety. *Farmer*, 511 U.S. at 834. We thus affirm the grant of summary judgment on Denton's Eighth Amendment claim.

2. Denton also alleges his procedural due process rights were violated because he could not comply with the conditions required to leave maximum custody. To establish a procedural due process claim, Denton must show that the

government deprived him of a constitutionally protected liberty or property interest without adequate procedural protections. *Blumenkron v. Multnomah County*, 91 F.4th 1303, 1314 (9th Cir. 2024). Denton has failed to show he was denied adequate procedural protections. DOC affords inmates meaningful opportunities to be released from isolation. DOC formally reviews inmate custody status every six months. And if an inmate is dissatisfied with the outcome of a formal review, they can appeal that decision. Further, within those six-month intervals, inmates can progress through the DOC's level system and receive access to day rooms and interact with other inmates. These processes are identical to or more protective than the maximum custody processes the Supreme Court upheld in *Wilkinson v. Austin*, 545 U.S. 209 (2005). So Denton cannot show he was denied adequate procedural protections.

3. Because we agree with the district court that Denton failed to state an Eighth Amendment or Fourteenth Amendment claim, we do not reach whether Defendants were also entitled to qualified immunity on those claims.

**AFFIRMED.**

23-2390